**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHNNY EDWARD HAMILTON, | No. 13-16675 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-00273-PMP-VPC |
| v. | |
| E. K. MCDANIEL; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted September 16, 2014
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

For the second time, Johnny Hamilton, a Nevada state prisoner, appeals

from the district court's denial of his petition for a writ of habeas corpus. We have

jurisdiction under 28 U.S.C. § 2253. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We remanded Hamilton's appeal from the district court's first denial of his petition for a writ of habeas corpus for the district court to consider whether, under *Roe v. Flores-Ortega*, 528 U.S. 470, 477–81 (2000), Hamilton's trial counsel was required to consult with Hamilton about filing an appeal and, if he was, whether he did so. The district court reasoned that two decisions of the U.S. Supreme Court issued after our remand were relevant to its consideration: (1) *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011), holding that "a habeas court must determine what arguments or theories supported or . . . could have supported[] the state court's decision"; and (2) *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), holding that a federal court reviewing a state court's decision under 28 U.S.C. § 2254(d)(1) is limited to considering the factual record that was before the state court. The district court concluded that the evidence before the state district court (whose decision was affirmed by the Nevada Supreme Court) could reasonably support a finding that Hamilton's attorney did consult with him consistent with *Flores-Ortega*'s requirements.

We agree with the district court that under *Richter*'s deferential standard of review, Hamilton has not carried his burden to show an unreasonable application of Supreme Court caselaw. Even if *Richter* did not control and we were reviewing this matter *de novo*, we would not give relief. Our scrutiny of an attorney's

performance must be "highly deferential" and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

The evidence before the state court included Hamilton's own testimony—which the state court did not find credible—that he had told his attorney, Bell, to file a direct appeal. Bell testified that he had spoken to Hamilton at some point after the jury verdict and that Hamilton had indicated a desire to pursue post-conviction remedies. Bell also testified that he had a practice of handing a form letter to clients at sentencing, explaining the right to appeal, and that form was not in his file on Hamilton's case, suggesting that Bell had given it to Hamilton. Finally, after Hamilton wrote Bell a letter from prison inquiring about an appeal, Bell responded that he was surprised by the inquiry because Hamilton had said he wanted to file a motion for post-conviction relief.

Given the powerful presumption that an attorney gave effective assistance under *Strickland*, we cannot say that Bell did not consult with Hamilton about an appeal.

**AFFIRMED.**